KUTZA, APPELLEE, *v.* PARKER, APPELLANT.

(No. 1517—Decided February 14, 1962.)

*Mr. Ray L. Miraldi* and *Mr. Leslie Burge,* for appellee.
*Messrs. Myers, Horan & Ashenbach,* for appellant.

DOYLE, J. In this appeal from a judgment of the Court of Common Pleas of Lorain County, the following question is posed by counsel for the appellee:

"Does a defense and proof of adjudication and discharge in bankruptcy of an unliquidated claim for personal injuries arising out of a tort action preclude the injured party from obtaining a judgment against the bankrupt-tort-feasor in a civil action, where, at the time the action arose, the bankrupt-tort-feasor was insured under a standard policy of automobile liability insurance?"

For the purposes of this decision, we accept the following statement of facts made by the appellant:

"A motor vehicle accident occurred on February 24, 1956, between an Oldsmobile vehicle operated by the appellant (Loren Charles Parker) in a southerly direction on Route 58, and a

Chevrolet vehicle operated by the appellee (Donald Richard Kutza) in a northerly direction on the same highway, approximately three miles north of the village of Wellington, Ohio, at approximately 1 p. m., from which the appellee received severe personal injuries; and on February 20, 1958, the appellee filed this case in the Court of Common Pleas of Lorain County, Ohio, for his injuries—charging the appellant with willful and wanton misconduct at the time of the accident.

"To this petition, the appellant filed an answer on May 11, 1958, consisting largely of a general denial.

"On June 12, 1958, the appellant filed a voluntary petition in bankruptcy in the United States District Court for the Northern District of Ohio, Eastern Division, * * * and was adjudicated a bankrupt on that date; and he listed the appellee as one of his creditors. The appellant was discharged in bankruptcy by the Federal District Court on February 4, 1959.

"On September 23, 1960, the appellant filed an amended answer, after obtaining leave of court, and this answer had as one of its defenses his adjudication and discharge as a bankrupt by the Federal District Court.

"Trial was had * * * in the Court of Common Pleas of Lorain County * * *, at which time no reply was filed, thus no contravention of the bankruptcy issue was made. At the time of trial, appellee amended his petition * * * to indicate 'wanton' misconduct only and dropped all reference to 'willful' negligence * * *. * * * the appellant proffered a certificate of the Clerk of the United States District Court * * * indicating adjudication and discharge of the appellant as a bankrupt, and showing appellee's claim in the amount of $500,000; also testimony by the appellant as to his bankruptcy and the listing of the appellee as a creditor, all of which was excluded from the evidence by the court.

"The appellant moved for a directed verdict at the close of all the evidence, based upon the bankruptcy of the appellant, which motion was overruled by the court."

It further appears from the record that the case was submitted to the jury, and that a verdict in the amount of $500,000 was returned, based upon ordinary negligence as distinguished from wanton misconduct.

Various assignments of error are set forth by the appellant, concluding with the following statement:

"It is the appellant's contention that, the petition in the instant case having been filed on February 20, 1958, in the Common Pleas Court, with the original answer being filed on May 11, 1958, the appellee's claim for damages was a pending case within the purview of the Federal Bankruptcy Act, and the proper certificate of bankruptcy indicating discharge of appellant having been proffered into evidence, and the appellee failing to plead or prove willful negligence * * *, all coupled with a jury verdict based on ordinary negligence, this court should reverse the trial court and render final judgment for this appellant."

From the foregoing claims, it is obvious that we have the question of whether appellant's discharge in bankruptcy constitutes a complete defense to the suit of the injured party.

There is no doubt that the appellant at the time of the accident carried liability insurance; and into this insurance contract must be read Section 3929.05, Revised Code, which provides (in part) that:

"Whenever a loss or damage occurs on account of a casualty covered by a contract of insurance made between an insurance company and any person, firm, or corporation, by which contract such person, firm, or corporation is insured against loss or damage on account of the bodily injury or death by accident of any person for which loss or damage such person, firm, or corporation is responsible, the liability of the insurance company is absolute, and the payment of said loss does not depend upon the satisfaction by the assured of a final judgment against him for loss, damage, or death occasioned by such casualty."

That the contract of insurance exists is partly evidenced by the following entry in the supplemented transcript of docket and journal entries:

"Plaintiff having accepted the sum of fifteen thousand five hundred dollars ($15,500) from the Superior Risk Insurance Company, formerly The Ohio Farmers Insurance Company, to apply on the judgment heretofore rendered against the insured defendant, Charles Parker, said Superior Risk Insurance Company is hereby released of any further obligation of payment to plaintiff herein under said company's contract of insurance with said defendant."

The general rule appears to be that a discharge in bank-

ruptcy does not operate to destroy the debt, but does affect a release of the bankrupt which bars the collection of the debt.

In order that the statute, Section 3929.05, Revised Code, *supra*, may be given effect, it is essential that courts permit the rendition of a judgment against the bankrupt, for the reason that the insurance company is liable under its contract notwithstanding the discharge in bankruptcy of the insured; and to fix the extent of the insurance liability, if any, the tort action must be determined on its merits.

It therefore follows that the defense of bankruptcy in an action of the kind under consideration does not permit it to be interposed to prevent a judgment on the merits in the negligence action, but only operates to prevent execution against the defendant on the judgment.

Section 34 of the Bankruptcy Act (Section 34, Title 11, U. S. Code) provides:

"The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

It seems logical to conclude that this federal law evidences a legislative intent to confine operation of the Act to a nonrelease of claims against parties liable with the bankrupt, even though unliquidated, as in the case of personal injury claims based upon negligence.

We find no error prejudicial to the rights of the bankrupt defendant in the trial of the case, and we especially include in this overall conclusion the claimed error in not rendering judgment for the defendant on the ground of proved bankruptcy.

The judgment under review, however, will be modified by the issuance of a perpetual stay of execution in favor of the bankrupt appellant on the judgment. As to any claim now against the insurance company, it appears that complete accord and satisfaction is a matter of record and that the entire litigation is terminated.

See: 8 Corpus Juris Secundum, Bankruptcy, Sections 581 (c) and 563.

See also: *Johnson* v. *Bondurant*, 187 Kan., 637, 359 P. (2d), 861.

*Judgment modified and, as modified, affirmed.*

STEVENS, P. J., and HUNSICKER, J., concur.