Nationwide General Ins. Co. et al., Appellees, v. Brown, Appellant.

[Cite as Nationwide General Ins. Co. v. Brown, 4 Ohio App. 2d 419.]

(No. 9682—Decided March 29, 1965.)

*Mr. Eugene Droder,* for appellees.
*Mr. Julius R. Samuels,* for appellant.

Long, J. This is an appeal on questions of law from the Court of Common Pleas of Hamilton County, where the court refused to include in the judgment entry a certain clause offered by the defendant; also, motions of the defendant to set aside the judgment and for a new trial were overruled. The cause originated in the Cincinnati Municipal Court but, because the damages in dispute were beyond the jurisdiction of that court, the action was transferred to the Common Pleas Court.

There is no dispute that the claim against defendant was listed by him in his schedule of debts filed in the bankruptcy court and that subsequently he was discharged in that court of the claim, giving rise to the judgment herein. Notwithstanding the defense of discharge in bankruptcy, the trial court properly permitted the case to go to judgment for the reason that the defense of bankruptcy in a tort action does not permit it to be interposed to prevent a judgment on the merits, but only operates to prevent execution against the defendant on the judgment.

The defendant made a request of the trial court that in its entry the following language be inserted: "It further appearing to the court that the claim of plaintiff against defendant as set forth in plaintiffs' petition has been discharged in bankruptcy; it is, therefore, ordered by the court that a perpetual stay of execution be and is hereby granted in favor of the bankrupt defendant."

This very question was before the court in the case of *Kutza* v. *Parker,* 115 Ohio App. 313, which court sustained the view of the defendant. It is the claim of the plaintiffs that the inclusion of the above language might interfere with their right to have the trial court report to the Bureau of Motor Vehicles the nonpayment of the judgment they have against defendant. We think the language of the Bankrupty Act is sufficiently clear to indicate that the sole protection which the Act bestows upon a judgment debtor is to free him from the levy of an execution for the payment of the judgment. The Bankruptcy Act, nowhere in its language, indicates that the debt is to be considered as paid.

We can find no error prejudicial to plaintiffs in setting forth the fact that the judgment was rendered on a claim which was discharged in bankruptcy and that no award of execution should be had on such judgment.

Final judgment is rendered for the plaintiffs against defendant as found in the court below, with the following modification however: such entry shall contain a finding by this court that such judgment is rendered on a claim which is discharged in bankruptcy, and such entry shall contain an order by this court that no execution in favor of plaintiffs shall be awarded against the defendant, Thomas Brown, for the purpose of satisfying such judgment.

*Judgment accordingly.*

HILDEBRANT, P. J., and HOVER, J., concur.