## CIRCUIT COURT OF HENRICO COUNTY

E. M. Upshaw

v.

W. T. Grant Co.

May 3, 1976

Case No. 75 L 127

By JUDGE E. BALLARD BAKER

W. T. Grant has moved for a stay in this cause, contending that the claim against it is dischargeable in bankruptcy and that the petition filed by it in the U. S. District Court in New York on October 2, 1975, and the Restraining Order of October 31, 1975, require this case to be halted until "final decree or further order of the United States District Court . . ."

This case was begun on January 22, 1975, and at the January 5, 1976, docket call was set for trial on September 8-9, 1976. The Motion for Stay was filed on January 7, 1976. There is nothing in the papers to indicate that the plaintiff has filed any claim in the bankruptcy proceedings, nor is it alleged that a claim of the plaintiff has been listed by W. T. Grant in the proceedings. The request for stay is based solely on the injunction of October 31, 1975, and on 11 U.S.C.A. § 29(a).

Bankruptcy Rule 11-44(c) provides that at the expiration of thirty days after the first date set for the first meeting of creditors, ". . . a stay . . . shall be deemed annulled as against any creditor

whose claim has not been listed in the schedules and who has not filed his claim by that time."

It appears from affidavit filed by Liberty Mutual Insurance Company that it is the liability carrier of W. T. Grant, and the inference from the affidavit is that any liability on the claim of the plaintiff will be covered by Liberty, and that Grant may or may not be subject to additional premiums based upon the outcome of the case. Thus, the bankruptcy case is affected only by what claim, if any, Liberty may have predicated upon the outcome of the claim of Upshaw.

It is true that under § 38.1-380 of the Virginia Code, a liability insurer cannot avoid liability to a third party because of insolvency or bankruptcy of its insured. It is also true that under the Bankruptcy Act the liability of a surety or guarantor is not affected by the bankruptcy of the principal. 11 U.S.C.A. 34.

Under the circumstances here, a stay of this case does not make sense. Any recovery Upshaw obtains from Grant will be paid by Liberty. Liberty may then have a claim against Grant which would have to be brought in the bankruptcy proceeding. It would appear that the sooner the amount of the claim can be determined, the better. Whether that claim is dischargeable or not is not material here.

Under the reasoning expressed in a different context of the Bankruptcy Act in Kutza v. Parker, 185 N.E.2d 53 at 55; Nationwide Ins. v. Brown, 208 N.E.2d 767, and Johnson v. Bondurant, 359 P.2d 861, it seems best that this case proceed to judgment. See also 9 Am. Jur. 2d, Bankruptcy, §§ 303-306.

Consequently, the Motion for Stay of Proceedings is denied.