FISHER ET AL., APPELLANTS, *v.*
LEWIS ET AL., APPELLEES.

(No. CA88-06-048—Decided
December 30, 1988.)

*Scott H. Ray, Jr.,* for appellants.
*Lindhorst & Dreidame* and
*William M. Cussen,* for appellee
Dairyland Insurance Co.

*Per Curiam.* This cause came on to
be heard upon an appeal from the War-
ren County Court of Common Pleas.

This action arose as the result of
an automobile accident on December
19, 1982, involving plaintiff-appellant,
Joshua Fisher, and Thomas A. Lewis.
Appellant filed suit on March 5, 1984,
alleging negligence on the part of
Lewis and negligent entrustment on
the part of Sonia McCollister, the
owner of the automobile that Lewis
was driving. The complaint also in-
cluded a claim for loss of consortium by
appellant's wife, Betty Fisher.

Appellant and his wife settled their
claims against Lewis for $40,000 and
executed a release in his behalf. On
August 25, 1986, the trial court
entered a default judgment on the re-
maining claims against McCollister,
but reserved ruling on the damages
issue pending a hearing. On December
1, 1986, McCollister filed a notice of
federal action indicating that she filed
a voluntary petition in bankruptcy on
October 24, 1986 and had listed the
August 25 judgment in her schedule of
debts. On January 6, 1987, the trial
court awarded appellant $40,000 on his
claim against McCollister, but found no
evidence of damages on his wife's loss
of consortium claim.

When the judgment against Mc-
Collister went unsatisfied, appellant
filed a supplemental petition pursuant
to R.C. 3929.06 against defendant-ap-
pellee, Dairyland Insurance Company,
which had issued a financial respon-
sibility bond to McCollister. On Jan-
uary 9, 1988, appellee moved for sum-
mary judgment on the supplemental
petition on the grounds that the finan-
cial responsibility bond did not apply to
judgments based on negligent entrust-
ment, that the judgment had been
discharged in bankruptcy, and that Mc-
Collister had previously released a
joint tortfeasor for the full amount of
the judgment. The trial court ruled
that appellee was not liable under the
bond and granted the motion for sum-
mary judgment. Appellant then
brought the instant appeal, arguing in
a single assignment of error that the
trial court erred in granting summary
judgment in favor of appellee.

In its motion for summary judg-
ment, appellee argued that the finan-
cial responsibility bond did not insure
McCollister against a judgment based

on a theory of negligent entrustment. In support of this argument, appellee attached a bond form which included language limiting coverage to judgments resulting from the principal's personal operation of a motor vehicle. Attached to this form was the affidavit of Cheryl Austin, who attested "to the best of her knowledge, information, and belief" that the form was identical to the bond issued to McCollister. The trial court accepted these evidentiary materials and granted summary judgment on the basis of the personal operation clause in the bond form.

We find the award of summary judgment on the basis of Austin's affidavit and the bond form to be erroneous. Civ. R. 56(E) requires that affidavits in support of summary judgment be made on personal knowledge, setting forth facts that would be admissible in evidence, and showing affirmatively that the affiant is competent to testify to the matters stated therein. Austin's affidavit fails to meet these requirements. First, the affidavit, though made "to the best of her knowledge, information, and belief," does not set forth facts that would be admissible in evidence. The bond form which was attached is merely a blank form. It is not dated and it contains no information relating its terms to McCollister. Such a form clearly would not be admissible in evidence absent an allegation that the original was lost, destroyed, or otherwise unobtainable. Evid. R. 1002, 1004. Second, the affidavit does not affirmatively show that Austin is competent to testify to the matter stated therein. It does not identify Austin or her relationship to any of the parties or the basis of her knowledge of the facts to which she attests. Accordingly, the affidavit and bond form could not serve as the basis of an award of summary judgment. Appellant's sole assignment of error is sustained.

In order to prevent a reversal, appellee argues that it could not be held liable on the judgment against McCollister because that judgment was discharged in bankruptcy. This argument is without merit. Section 524(e), Title 11, U.S. Code provides that "[e]xcept as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." Thus, an insurance company can be held liable under its contract for a judgment against its insured notwithstanding the discharge in bankruptcy of the insured. *Kutza* v. *Parker* (1962), 115 Ohio App. 313, 20 O.O. 2d 408, 185 N.E. 2d 53; *Nationwide General Ins. Co.* v. *Brown* (1965), 4 Ohio App. 2d 419, 31 O.O. 2d 358, 208 N.E. 2d 767.

Appellee also argues that the release of Lewis for the full amount of the judgment against McCollister reduces the amount due from McCollister to zero pursuant to R.C. 2307.32(F)(1), which provides:

"(F) When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or loss to person or property or the same wrongful death, the following apply:

"(1) The release or covenant does not discharge any of the other tortfeasors from liability for the injury, loss or wrongful death unless its terms otherwise provide, but it reduces the claim against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater[.]"

If appellant was the only claimant against Lewis and McCollister, we would agree that the $40,000 received in consideration for the release of Lewis should be credited toward the judgment against McCollister. See *Shrout* v. *Black Clawson Co.* (S.D. Ohio

118

1988), 689 F. Supp. 774, 782. However, the release in question purports to release the claims of both appellant and his wife against Lewis. There is no indication as to how the $40,000 was to be apportioned between appellant's negligent entrustment claim and his wife's loss of consortium claim. Thus, a question of material fact exists as to how much, if any, of the $40,000 should be credited toward the judgment against McCollister. Under such circumstances, summary judgment was clearly inappropriate.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

HENDRICKSON, P.J., KOEHLER and YOUNG, JJ., concur.