**WOLFE et al., Appellants,**

v.

**WRIGHT et al., Appellees.**

[Cite as *Wolfe v. Wright* (1989), 65 Ohio App.3d 36.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56532.

Decided Oct. 10, 1989.

*Francis A. Gorczyca,* for appellants.

*Weston, Hurd, Fallon, Paisley & Howley* and *Margaret R. Foley,* for appellees.

---

*Per Curiam.*

On July 3, 1989, appellants timely applied to this court for reconsideration following the announcement of the decision which affirmed the trial court's award of summary judgment in favor of appellees. On reconsideration, appellants requested that this court consider the issue of whether a discharge in bankruptcy of an unliquidated claim for personal injuries arising out of a tort action precludes an injured party from obtaining a judgment against the bankrupt tortfeasor in a civil action, when the bankrupt tortfeasor is insured. The motion for the reconsideration of the proposed journal entry was granted.

In this case, appellants filed a tort claim against appellees. Appellees then filed for bankruptcy and listed appellants' outstanding claim as a debt subject to discharge in bankruptcy.

Appellants were notified of the proceedings in bankruptcy court. However, they did not request that the court grant them relief from the stay in order to proceed with their cause of action against appellees. See Section 362(d), Title 11, U.S.Code.

Appellees subsequently requested and received a discharge of all debts by the bankruptcy court. Following the imposition of discharge by the bankruptcy court, appellees filed a motion to dismiss, or, in the alternative, a motion for summary judgment. The trial court granted the motion.

■  While it is true that appellants took no action to request relief from the automatic stay of judicial proceedings which is employed in all bankruptcy actions, the resultant discharge which took place should not be allowed to protect a party unaffected by the bankruptcy. To foreclose appellants from pursuing their tort claim against appellees' insurance carrier would act to provide third parties with a protective device not intended to shield them from liability.

■  A defense of bankruptcy in an action will not act to prevent a subsequent judgment on the merits, but only operates to prevent execution against appellees on the judgment. *Kutza v. Parker* (1962), 115 Ohio App. 313, 20 O.O.2d 403, 185 N.E.2d 53. The protection provided to a debtor under Section 362 of the Bankruptcy Code does not extend as a third-party beneficiary right to the insurer. See Section 524(e), Title 11, U.S.Code; *In re White Motor Credit Corp.* (N.D. Ohio 1984), 37 B.R. 631, 643–646.

Therefore, upon reconsideration and further review, the order of the trial court which granted summary judgment to appellees is reversed and the case is remanded to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

ANN MCMANAMON, C.J., JOHN V. CORRIGAN and DYKE, JJ., concur.