OPINION
James Young appeals from the judgment of the Montgomery County Common Pleas Court which dismissed his post-conviction relief petition.
The procedural history of this case is as follows:
On June 20, 1989, the Defendant was indicted by the grand jury on one count of Aggravated Trafficking in violation of O.R.C. Section 2925.03(A)(5), and two counts of Aggravated Trafficking in violation of O.R.C. 2925.03(A)(7). Following a trial by jury on December 6, 1989, the Defendant was found guilty on all charges.
On December 22, 1989, this Court filed its Termination Entry in this matter, wherein the Defendant was sentenced to five (5) to fifteen (15) years of which three (3) years were of actual incarceration on Count 1, and seven (7) to twenty-five (25) years of which seven (7) are of actual incarceration on Counts 2 and 3, which are to be served concurrent to each other and consecutive to the sentence in Count 1.
Defendant appealed his conviction, and, on February 7, 1991, this Court reversed the judgment below with respect to Count 1, and, affirmed all other aspects of the court's judgment.
On September 23, 1998, Young filed his petition to set aside his conviction pursuant to R.C. 2953.21. In his petition his counsel asserted that the State of Ohio offered Young a deal whereby he would have received a sentence of three years incarceration and been eligible for shock probation.
His counsel further asserted that Young's previous lawyer did not explain the "deal" to him and had it been explained to him "he may have accepted the deal" and been out for several years.
Appellant contended that his trial counsel violated essential duties to him by not conveying the State of Ohio's plea offer to him and thus denied him his federal constitutional right to effective assistance of counsel.
The State moved for summary judgment on the basis that the petitioner had failed to present sufficient operative facts in support of his petition. In response to the State's motion, the petitioner submitted his affidavit wherein he stated the following:
 I was represented by Attorney James Rion. It is my understanding that a deal was offered by the prosecution prior to trial. The deal consisted of a charge which carried a sentence much less that which I received, with the possibility of probation. This deal was never fully explained to me by Mr. Rion.
The State of Ohio also moved to strike the petitioner's affidavit because it was not based on "personal knowledge." That motion was not addressed before the trial court granted the State's motion for summary judgment. The trial court found that the defendant "fails to provide any other evidence than his own affidavit indicating counsel was ineffective."
The appellant in a single assignment of error argues that the trial court erred in granting the State's summary judgment. He also argues he should have been granted an evidentiary hearing.
In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden of submitting evidentiary documents containng sufficient operative "facts" to demonstrate the lack of competent counsel and that his defense was prejudiced by counsel's ineffectiveness. State v. Jackson (1980), 64 Ohio St.2d 107. Broad conclusory statements do not, as a matter of law meet the requirements for an evidentiary hearing. State v. Pankey (1981),68 Ohio St.2d 58.
Civ.R. 56 requires that supporting and opposing affidavits shall be made on personal knowledge. Affidavits which fail to meet this requirements are subject to motions to strike. Fisherv. Lewis (1988), 57 Ohio App.3d 116.
The trial court appropriately granted the State's summary judgment for two reasons. Appellant's affidavit was insufficient as a matter of law. It is not based on personal knowledge. Also in his brief, he states he "may have accepted the State's offer." He has failed to demonstrate prejudice from his counsel's alleged ineffectiveness. Strickland v. Washington (1984), 42 Ohio St.3d 136. The assignment of error is overruled.
Judgment of the trial court is Affirmed.
YOUNG, P.J., and WOLFF, J., concur.
Copies mailed to:
Cheryl A. Ross
Anthony F. Comunale
Hon. Barbara P. Gorman