JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Florence Basie appeals the trial court's grant of the motion to dismiss filed by appellees, Mt. Sinai Medical Center, et al. After a review of the record and the briefs of the parties, and for the reasons set forth below, we affirm.
 {¶ 2} Appellant filed her original complaint, which alleged medical malpractice, in the common pleas court on February 20, 1998. On August 21, 1998, appellant voluntarily dismissed her case pursuant to Civ.R. 41(A). On March 17, 1999, appellee Mt. Sinai and its parent corporation filed for bankruptcy in the Federal District Court of Delaware.
 {¶ 3} On May 22, 2006, appellant filed a motion for relief from stay with the bankruptcy court; the bankruptcy court granted her motion on July 6, 2006. Appellant refiled her complaint on November 6, 2006.
 {¶ 4} On March 5, 2007, appellees filed their motion to dismiss appellant's complaint for failure to comply with the applicable statute of limitations. The trial court granted that motion on April 11, 2007. On May 10, 2007, appellant filed a notice of appeal.
 {¶ 5} The facts that give rise to this case occurred on February 23, 1997. Appellant was taken to Mt. Sinai Medical Center by her son because she was experiencing severe vomiting. Appellant alleges that, at some point while she was left unattended in the medical center, she aspirated on her vomit and was unable to *Page 4 
breathe for a period of time. As a result, she suffered brain damage that left her mentally and physically disabled.
 {¶ 6} Appellant cites one assignment of error for our review:
 {¶ 7} "The trial court erred to the prejudice of Plaintiff-Appellant by granting defendant's motion to dismiss."
 {¶ 8} Appellant argues that the date on which she refiled her complaint fell within the applicable statute of limitations; therefore, the court should not have granted appellees' motion to dismiss. Specifically, she argues that the bankruptcy proceeding tolled the time within which she had to file the complaint under Ohio's "savings statute."
 {¶ 9} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v. Faber (1991),57 Ohio St.3d 56, 60.
 {¶ 10} While the factual allegations of the complaint are taken as true, "[unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss."State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324. *Page 5 
 {¶ 11} In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ. CommunityTenants Union (1975), 42 Ohio St.2d 242, 245.
 {¶ 12} Since factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. Hunt v. Marksman Prod., Div. of S/RIndus., Inc. (1995), 101 Ohio App.3d 760, 762.
 {¶ 13} The relevant question before this court is whether11 U.S.C. Section 108(c) tolls the statute of limitations under the "savings statute" to extend the time within which appellant had to refile her complaint. We find that it does not.
 {¶ 14} On August 21, 1998, appellant dismissed her original complaint, as permitted by Civ.R. 41(A). The time within which a person can refile a claim after a Civ.R. 41(A) dismissal is governed by R.C. 2305.19.[1]
Under R.C. 2305.19, the Ohio "savings statute," appellant had one year, or until August 21, 1999, in which to refile her case. On March 17, 1999, before appellant had refiled or was required to refile, appellee Mt. Sinai filed for bankruptcy. This action immediately stayed all *Page 6 
proceedings against appellee Mt. Sinai.[2] Therefore, during the pendency of the bankruptcy action, appellant was not permitted to refile her case without being granted relief from the stay; however, the one year statute of limitations ran while appellee's case remained pending in bankruptcy court.
 {¶ 15} On May 22, 2006, appellant filed her motion for relief from stay in bankruptcy court. This relief was granted on July 6, 2006. Pursuant to 11 U.S.C. Section 108(c), appellant then had 30 days within which to refile her complaint. Chapter 11 U.S.C, Section 108 provides:
 {¶ 16} "Extension of time
 {¶ 17} "* * *
 {¶ 18} "(c) Except as provided in section 524 of this title [11 U.S.C.S. § 524], if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title [11 U.S.C.S. § 1201 or 1301], and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of *Page 7 
 {¶ 19} "(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
 {¶ 20} "(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title [11 U.S.C.S. § 362, 922, 1201 or 1301], as the case may be, with respect to such claim."
 {¶ 21} The court in Grotting v. Hudson Shipbuilders, Inc.,85 Bankr. 568 (W.D. Wash. 1988), held, "[t]here is no language either in the Automatic Stay provision or the Extension of Time provision of the Bankruptcy Code that suspends a statute of limitations from running. The Automatic Stay provision merely prohibits a cause of action from being commenced against a debtor. The Extension of Time provision merely provides an extra 30 days to file a claim if the claims' limitation period expired before the automatic stay was lifted." Grotting v. HudsonShipbuilders, Inc., supra.
 {¶ 22} This analysis applies to appellant's case. The statute of limitations on refiling her case expired before the automatic stay was lifted. She then had 30 days from the date she was granted relief, July 6, 2006, to refile her complaint.
 {¶ 23} The bankruptcy stay does not act to toll or, in essence, extend the statute of limitations in this case. The Bankruptcy Code does not provide for tolling of a state's statute of limitations during the period of bankruptcy, but rather that *Page 8 
action must be commenced within 30 days after notice of termination or expiration of the stay. Husmann v. TWA (C.A.8, 1999), 169 F.3d 1151.
 {¶ 24} Based on the Husmann decision, it is not relevant that appellant waited more than eight years to request relief from the stay. What is relevant is that, after being granted relief from the stay, appellant waited more than 30 days to refile her case.[3]
 {¶ 25} The trial court properly dismissed appellant's claim against appellees because the statute of limitations had run. Therefore, we overrule appellant's sole assignment of error and affirm the decision of the trial court.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
KENNETH A. ROCCO, J., and MARY EILEEN KILBANE, J., CONCUR.
[1] R.C. 2305.19(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.
[2] Filing for bankruptcy stays proceedings against the debtor only, and does not stay proceedings against co-defendants, in this case, Drs. Dagan Schwartz and Randall Jotte. See Jo-Rene Corp. v. Jastrzebski, Cuyahoga App. Nos. 79933 and 80310, 2002-Ohio-1550. Therefore, the one year statute of limitations extension provided by R.C. 2305.19(A) had already expired on August 21, 1999 as to these defendants.
[3] Appellant suggests the applicability of Section 108(c)(1); however, the Grotting court held that language in Section 108(c)(1) referring to "any suspension of such period" means those non-bankruptcy law tolling periods, such as minority or incompetency of a plaintiff. *Page 1