[Cite as *Koby v. McNamee*, 2017-Ohio-1574.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Denisa K. Koby et al., | : | |
| Plaintiffs-Appellants, | : | |
| v. | : | No. 16AP-368<br>(C.P.C. No. 13CV-12569) |
| Christina M. McNamee, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 27, 2017

**On brief:** *James R. Kingsley*, for appellant. **Argued:** *James R. Kingsley.*

**On brief:** *John C. Nemeth & Associates*, and *David A. Herd*, for appellee. **Argued:** *David A. Herd.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1}    Denisa K. Koby and Gary Koby appeal from the dismissal of their lawsuit in the Franklin County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.

I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2}    According to the complaint, the Kobys were driving eastbound on State Route 665 in Franklin County, Ohio, when their vehicle was struck by a motor vehicle being driven by Christina McNamee. The collision occurred on October 6, 2008.

{¶ 3}    The Kobys filed a lawsuit against McNamee on May 5, 2010, and then voluntarily dismissed the lawsuit September 7, 2011, as permitted by Civ.R. 41(A). The time within which a person can refile a claim after a Civ.R. 41(A) dismissal is governed by

R.C. 2305.19, the Ohio Savings Statute. Under R.C. 2305.19, the Kobys had one year in which to refile their case.

{¶ 4} However, on May 29, 2012, before the Kobys had refiled or were required to refile, McNamee filed for Chapter 7 bankruptcy. An automatic stay under the United States Bankruptcy Code commenced at the time of McNamee's Chapter 7 bankruptcy filing and immediately stayed all proceedings against McNamee. 11 U.S.C. 362(a)(6). During the pendency of the bankruptcy action, the Kobys were not permitted to refile their case without being granted relief from the stay. The one-year period to refile under the savings statute ran while McNamee's case remained pending in the bankruptcy court.

{¶ 5} On September 25, 2012, McNamee received a personal discharge in bankruptcy. The Kobys claimed that they were prohibited from refiling the action at that time because the bankruptcy estate remained open. Nine months later, on June 28, 2013, the Kobys moved the bankruptcy court for relief from the stay, and that motion was granted on November 13, 2013. The Kobys refiled on November 15, 2013.

{¶ 6} McNamee moved for judgment on the pleadings, asserting that the refiled complaint was time-barred due to the termination of the automatic stay at the time of McNamee's discharge in bankruptcy. The trial court initially denied the motion, and McNamee moved for reconsideration as well as filing a second motion for judgment on the pleadings as well as a motion for summary judgment with copies of documents from the bankruptcy proceedings.

{¶ 7} The trial court found that the Kobys were on the creditor notification list in the bankruptcy case and were notified regarding the discharge in bankruptcy. The trial court found that the Kobys presented no evidence that the discharge injunction did not apply, other than to argue that they were suing McNamee as a nominal party because they could not maintain a direct cause of action against McNamee's insurer until they received a judgment against McNamee. However, the trial court further found that the complaint did not indicate that McNamee was a nominal party or that the Kobys were not seeking a personal judgment against McNamee. Accordingly, the trial court found that the Kobys were barred by the discharge injunction from filing the matter against McNamee.

{¶ 8} The trial court then granted the motion for reconsideration and concluded that judgment on the pleadings was appropriate, or in the alternative, that McNamee had established that she was entitled to summary judgment. This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶ 9} The Kobys assign a single error for our consideration:

> THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DISMISSED PLAINTIFFS' COMPLAINT:
> (1) FOR FAILURE TO STATE A CLAIM AND
> (2) BY GRANTING DEFENDANT SUMMARY JUDGMENT.

## III. STANDARD OF REVIEW

{¶ 10} Civ.R. 12(C) states that "[a]fter the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." Dismissal under Civ.R. 12(C) is appropriate when the court: "(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996), citing *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99 (8th Dist.1992); *see also*, *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165-66 (1973). Therefore, Civ.R. 12(C) requires the court to determine that there are no material issues of fact and that the movant is entitled to judgment as a matter of law. *Pontious* at 570, citing *Burnside v. Leimbach*, 71 Ohio App.3d 399, 403 (10th Dist.1991). A judgment on the pleadings dismissing an action is subject to a de novo standard of review in the court of appeals. *Smith v. Ohio Dept. of Transp.*, 10th Dist. No. 15AP-521, 2015-Ohio-5240, ¶ 6.

{¶ 11} With respect to summary judgment, Civ.R. 56(C) provides that summary judgment is appropriate if: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and, (3) viewing the evidence in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). Appellate review of summary judgment is de novo.

*Gabriel v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 14AP-870, 2015-Ohio-2661, ¶ 12, citing *Byrd v. Arbors East Subacute & Rehab. Ctr.*, 10th Dist. No. 14AP-232, 2014-Ohio-3935.

## IV. ANALYSIS

### A. Effect of Discharge in Bankruptcy

{¶ 12} When a debtor receives a discharge in bankruptcy, she is relieved of personal liability for pre-petition debt, and the discharge enjoins any action to collect, recover, or offset a discharged obligation. *McClung v. McClung*, 10th Dist. No. 03AP-156, 2004-Ohio-240, ¶ 12; 11 U.S.C. 524(a). Although McNamee's discharge in bankruptcy protects her from personal liability, counsel for the Kobys argues that it is permissible to proceed against a debtor as a nominal defendant if such an action is necessary to prove liability as a prerequisite to recovery from the liability insurer. We agree.

{¶ 13} In the case of *In re Morris*, 430 B.R. 824 (Bnkr.W.D.Tenn.2010), the bankruptcy court discussed cases in which the courts have found that 11 U.S.C. 524, which governs the effect of the discharge in bankruptcy, allows a creditor to proceed against the debtor as a nominal defendant in order to pursue recovery from a third party such as a liability insurer. The court determined that "[a]llowing parties to proceed in this manner protects the debtor from any personal liability in accordance with the discharge injunction of § 524(a)(2) and imposes on an insurance company 'no exposure greater than what it had agreed to in the insurance contract with the debtor.' " *Id.* at 828, quoting *In re Christian*, 180 B.R. 548, 550 (Bankr.E.D.Mo. 1995); *see also Wolfe v. Wright*, 65 Ohio App.3d 36, 37 (8th Dist.1989) ("The protection provided to a debtor under Section 362 of the Bankruptcy Code does not extend as a third-party beneficiary right to the insurer."). By recognizing this limited exclusion from the discharge injunction, an aggrieved party may pursue a claim against a non-debtor third party, the debtor will still be protected from any personal liability that may result from the aggrieved party's actions, and the insurance company will still be potentially liable since the discharge did not erase the insurance company's liability. *In re Christian* at 550*; In re Morris* at 829.

{¶ 14} Under Ohio law, a claimant is not permitted to sue a defendant's insurance company directly, but must sue the alleged tortfeasor first. R.C. 3929.06; *McLynas v. Karr*, 10th Dist. No. 03AP-1075, 2004-Ohio-3597, ¶ 28.

{¶ 15} R.C. 3929.06(B) provides:

> Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section.

{¶ 16} Therefore, in order to pursue recovery from McNamee's liability insurer, the Kobys were required to sue McNamee first. McNamee's discharge in bankruptcy shields her from personal liability, but the action is still necessary in order for the Kobys to pursue their tort claim against McNamee's insurance carrier. According to McNamee's pre-trial statement, she has an insurance policy with liability limits of $100,000. (May 5, 2015 Pre-Trial Statement at 7.)

{¶ 17} A review of the Kobys' complaint, however, reveals that there is no statement, indication, or suggestion that McNamee was being pursued as a nominal defendant or that the lawsuit was being brought as an action against property of the bankruptcy estate. The complaint did not allege that the claim was a prerequisite to making a claim against liability insurance. There is no mention of any insurance company. The complaint does not state that the Kobys were seeking to recover the insurance proceeds from McNamee's automobile liability insurance policy. There was no other defendant in the re-filed complaint against whom a judgment could have been sought besides McNamee. It did not state that judgment was not being sought against McNamee personally. The complaint does not name McNamee as a nominal defendant, and it does not allege that judgment is being sought as a prerequisite to make a claim against liability insurance.

{¶ 18} However, it remains the law in Ohio that a plaintiff cannot commence a civil action against an insurer until a court enters the final judgment in a civil action between the plaintiff and the tortfeasor. Therefore, the Kobys were entitled to pursue their civil action against McNamee but only as a prerequisite to obtaining recovery from McNamee's liability insurer.

### B. Timeliness of the Re-filed Complaint

{¶ 19} The next issue that must be determined is whether the re-filed complaint was timely.

{¶ 20} The Kobys contend that their refiled lawsuit is not against McNamee, the debtor, but is against her liability insurance, which they believe to be property of the bankruptcy estate. The Kobys appear to be arguing that the automatic stay as to this purported asset of the estate remained in place even after McNamee received her discharge in bankruptcy. They claim that in the case of an act against property of the estate, the stay continues until the property is no longer property of the estate. *See* 11 U.S.C. 362(c)(1) ("Except as provided in subsections (d), (e), (f), and (h) of this section-- (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate.")

{¶ 21} Even if this is true, the Kobys have failed to explain why they needed to wait until the stay was lifted as to this asset before they could proceed with their lawsuit against McNamee after McNamee received her discharge in bankruptcy on September 25, 2012. The re-filed complaint was directed against McNamee personally, not her insurance company, in order to establish her liability for the automobile accident, and the Kobys acknowledge that it is necessary to establish liability against the tortfeasor before one can proceed against the tortfeasor's insurer.

{¶ 22} Therefore, despite the assertion by the Kobys that the bankruptcy estate remained open after the discharge, McNamee argues that fact is of no import because the date of her discharge in bankruptcy is the event which triggered the 30-day grace period in which the Kobys could refile their complaint.

{¶ 23} McNamee directs us to another section of the Bankruptcy Code that governs the termination of the stay in Chapter 7 proceedings. 11 U.S.C. 362(c)(2)(C) provides that in Chapter 7 cases, the automatic stay under 11 U.S.C. 362 terminates automatically at the earliest of when (1) the case is closed, (2) the case is dismissed, or (3) the discharge is granted. *Gruber v. Gruber*, 6th Dist. No. OT-10-003, 2010-Ohio-4326, ¶ 2; *May v. May*, 4th Dist. No. 11CA910, 2012-Ohio-2348, ¶ 30.

{¶ 24} Since the savings statute had expired before that date, 11 U.S.C. 108(c) provides a 30-day grace period after the conclusion of the automatic stay to re-file their complaint. *Basie v. Mt. Sinai Med. Ctr.*, 8th Dist. No. 89852, 2007-Ohio-6060, ¶ 15, 22. The Kobys did not comply with the grace period and did not file for another year.

{¶ 25} McNamee received a discharge in bankruptcy on September 25, 2012, and the automatic stay ended by law. The Kobys filed their complaint against McNamee personally, and they waited more than one year after she had received her discharge in bankruptcy to do so. This case is not some kind of in rem action against an asset of the bankruptcy estate, but rather is a direct action against the debtor to establish liability for the automobile accident. Therefore, the debtor's discharge in bankruptcy is the event that started the clock running again on the plaintiffs' action against McNamee to establish liability.

{¶ 26} Accordingly, the trial court did not err in dismissing the complaint.

**V. CONCLUSION**

{¶ 27} The assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

———————