Roy **CHADWICK** and Russell Chadwick, a Minor, etc., Plaintiffs,

v.

**AIR REDUCTION COMPANY, Inc.** and the Gordon Armstrong Company, Inc., Defendants.

Civ. A. No. C 64–383.

United States District Court
N. D. Ohio, E. D.
March 18, 1965.

Sindell, Sindell, Bourne & Markus, Cleveland, Ohio, and Anderson, Storms & Anderson, Holdrege, Neb., for plaintiffs.

Hauxhurst, Sharp, Cull & Kellogg, Cleveland, Ohio, Michael R. Gallagher, Cleveland, Ohio, of counsel, for defendant Air Reduction Co., Inc.

Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, Crawford Morris, Cleveland, Ohio, of counsel, for defendant Gordon Armstrong Co., Inc.

GREEN, District Judge.

This action was brought by plaintiffs against Air Reduction Company, Inc. and The Gordon Armstrong Company, Inc., a dissolved Ohio corporation, to recover for alleged personal injuries to Russell Chadwick, a minor, and his father's losses in connection therewith.

In the complaint it is alleged that prior to August 3, 1963 defendant Gordon Armstrong Company, Inc. conveyed its assets to its shareholders, who conveyed them to defendant Air Reduction Company by an agreement the terms and conditions of which were not known to plaintiff.

The complaint further alleges that the defendants manufactured a baby incubator known as "Armstrong X4 Model 500, Serial No. 19283," and that prior to August 3, 1963 said incubator was purchased by the Lexington Community Hospital, Lexington, Nebraska; that on or about August 3, 1963, plaintiff, Russell Chadwick, then a premature infant 17 days of age, was placed in said incubator; that his right foot became lodged in the heating element of said incubator, causing him to sustain serious injuries to his foot. The complaint further states that:

> "The injuries suffered by plaintiff Russell Chadwick were the direct and proximate result of the defendants' negligence and/or of defendants' breach of an express or implied warranty to the effect that said incubator was reasonably fit and safe for the use intended."

Defendant Air Reduction Company, Inc. has filed an answer to the complaint. Subsequent to filing its answer, Air Reduction Company moved for summary judgment.

Defendant Gordon Armstrong Company, Inc. has filed a motion to quash summons and to dismiss the complaint.

## MOTION OF AIR REDUCTION COMPANY FOR SUMMARY JUDGMENT

In its answer Air Reduction Company denied the allegations of the complaint concerning the transfer of Gordon Armstrong's assets to its shareholders who, it was stated, then conveyed them to de-

fendant. In the answer it is alleged that under a purchase agreement dated July 21, 1961, a copy of which was attached to the answer, defendant Air Reduction Company purchased the assets of defendant Gordon Armstrong Company from the Gordon Armstrong Company, and not from its shareholders. Defendant Air Reduction Company denied that it assumed the obligations of the Gordon Armstrong Company.

The answer further denies that defendant Air Reduction Company manufactured or placed into the channels of commerce the baby incubator referred to in the complaint, and alleges that it was sold to the Lexington Hospital by defendant Gordon Armstrong Company under a purchase order dated March 6, 1952 (which date is nine years before Air Reduction Company purchased the assets of Gordon Armstrong Company).

As a part of the purchase agreement between Gordon Armstrong Company and Air Reduction Company, as attached to the answer, it was provided:

6. *Product Liability*

* * * Seller shall remain solely responsible for, and shall hold Buyer free and harmless from, any and all claims, actions or suits against it in respect of any equipment or products sold by Seller prior to the Closing Date.

11. *Survival of Representations*

The respective representations, warranties, covenants and agreements of Seller and Buyer contained herein shall survive the Closing Date for three (3) years * * * provided further that * * * the Seller's liability arising out of the matters referred to in such notice shall not exceed $5,000.00.

The motion for summary judgment on behalf of defendant Air Reduction Company, Inc. is predicated on the proposition that when one company sells all of its assets to another company, the latter is not liable for the debts and liabilities of the transferor, including the torts of the transferor company. Pfis-

terer v. Toledo B. G. & S. Traction Co., 89 Ohio St. 172, 106 N.E. 18 (1913); Fletcher Cyclopedia Corporations (1961 Rev.Ed.) §§ 7122, 7123.

In response to the motion for summary judgment, plaintiff does not contravene the fact that Air Reduction Company purchased the assets of Gordon Armstrong Company, nor is there a claim that the transfer was in any respect fraudulent. Further, plaintiff does not contravene defendant's assertion that it was not a participant in the design, sale or service of the subject incubator.

In support of the allegations of negligence on the part of defendant Air Reduction Company, plaintiff asserts that it will be shown that at the time of, and subsequent to, the acquisition of the assets of Gordon Armstrong Company, the Air Reduction Company had knowledge of other claims against Gordon Armstrong Company arising out of defective designs of baby incubators. Plaintiff contends that Air Reduction Company, having knowledge of the defective conditions of the incubators manufactured by Gordon Armstrong Company, was under a duty to notify the Lexington Hospital, among other past purchasers, of the danger presented by the incubator sold to it by Gordon Armstrong Company some nine years earlier.

Defendant Air Reduction Company denies that it was under any duty to warn Gordon Armstrong Company's past customers of any negligence on the part of Gordon Armstrong Company in the design and manufacture of the incubator.

It is basic law that before negligence may be predicated on a failure to act, there must be a violation of a duty. Gelfand v. Strohecker, 150 F.Supp. 655, 661 (D.C.N.D., Ohio 1956).

The issue thus resolves itself to a question of whether a corporation which purchases the assets of another corporation, and as a consequence of the said purchase becomes aware that the seller corporation had put a negligently designed device into the channels of commerce, is under a duty to warn third persons of its vendor's negligence.

Neither counsel have cited any authority directly in point, and independent research has failed to disclose any such decision.

In considering this issue of the duty to warn, it is stated in The Law of Torts by Harper & James, at page 1046:

"At the other end of the spectrum are cases where the peril to the plaintiff has come from a source in no way connected with defendant's conduct or enterprises or undertakings, past or present, but where the defendant has it in his power by taking some reasonable precaution to remove the peril. Here the law has traditionally found no duty, however reprehensible and unreasonable the defendant's failure to take the precaution may be."

The authors do state that exceptions to this rule of nonliability are arising, but that "the principal exceptions, however, have been those arising out of a special relationship between the parties," id. p. 1048. See also Prosser on Torts (2d ed.) p. 184.

In this case, under the facts established by the pleadings and exhibits, Air Reduction Company was a stranger to the act of negligence which created the hazard to which plaintiff was exposed. Under the theories of tort law set forth above, had any person, including the Air Reduction Company before the purchase of the assets of Gordon Armstrong Company, gained knowledge of the defective design, there would have been no duty to warn the customers of the negligent party of the hazard so discovered.

The question then is whether such a duty to warn third persons was imposed upon Air Reduction Company by virtue of the fact that such information was obtained by reason of purchasing the negligent party's assets.

It is the Court's opinion that Air Reduction Company's purchase of the assets of Gordon Armstrong Company, without an agreement to assume liabilities of the seller, created no special relationship between Air Reduction Company and third persons whose rights evolve through former dealings with Gordon Armstrong Company.

The Court hereby grants the motion of defendant Air Reduction Company for summary judgment in its favor, on the basis that plaintiff has failed to establish the existence of a duty owed to him by the said defendant.

## MOTION OF GORDON ARMSTRONG COMPANY, INC. TO QUASH SUMMONS

■ The motion to quash summons and to dismiss the complaint filed by defendant Gordon Armstrong Company, Inc. presents an equally novel, though totally different, question:

Can suit be maintained against a dissolved Ohio corporation on a cause of action which accrued after the date of dissolution?

■ At common law, and in the absence of a statute, the dissolution of a corporation abated all litigation to which the corporation was a party. It is only by virtue of statutory authority that the life of a corporation may be prolonged for litigation purposes. 13 O.Jur.2d Corporation, § 937. Therefore, the answer to this question hinges upon section 1701.88 of the Ohio Revised Code, which provides:

"(A) When a corporation is dissolved * * * the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs, but for such purpose it shall continue as a corporation.

"(B) Any claim existing or action or proceeding pending by or against the corporation or which would have accrued against it may be prosecuted to judgment, with right of appeal as in other cases * * *."

■ Counsel for defendant Gordon Armstrong Company argues that the statute applies only to continue pre-dissolution actions or to impose corporate responsibility for liabilities incurred as

a part of the process of winding up the affairs of the corporation.

Counsel for the plaintiff contends that under the statute an action *"which would have accrued"* against the corporation can be maintained by suit after dissolution.

While counsel for both parties have cited and discussed cases dealing with the general question of the ability of a dissolved corporation to sue and be sued, and otherwise related to the continued existence of a dissolved corporation, no authorities directly in point are cited. The Court has made extensive investigation and has likewise been unable to discover a parallel case. This question, therefore, would appear to be one of first impression, as has been suggested by counsel for defendant Gordon Armstrong Company.

The Court has reviewed the statutes of several states treating on this matter of the continued existence of a dissolved corporation for purposes of litigation, and finds that there is a wide range of phraseology therein. Many of the said statutes, however, bear a strong resemblance to section 98 of the Model Business Corporation Act. Section 98, in its pertinent part, provides that dissolution of a corporation shall not take away or impair any remedy available against such corporation for any right or claim existing, or any liability incurred, prior to dissolution. It is, therefore, quite clear that under the Model Business Corporation Act, and those state statutes patterned after it, a corporation may be sued for pre-dissolution torts only.

The Ohio statute, O.R.C. § 1701.88, does not conform to the language of the Model Act. There is found in the Ohio statute the phrase *"or which would have accrued against it."* This language is not found in the Model Act, nor is there a similar provision in the majority of statutes from other states reviewed by the Court.

It is this Court's opinion that the Ohio statute represents a substantial departure from the standard of the Model Act, and that the statute must be given full meaning. Statutes extending the vitality of a dissolved corporation for purposes of suit are remedial in nature and should be given a liberal construction, 16 A Fletcher Cyclopedia Corporations § 8143; American Oak Leather v. Peck, Ohio B. T. A., 48 Ohio O. 291, 296, 108 N.E.2d 179, 183 (1951).

As this Court construes O.R.C. § 1701.-88(B), the phrase "[a]ny claim existing or action or proceeding pending by or against the corporation" is broad enough to cover all pre-dissolution torts, including those upon which suit has not yet been brought. The words "action or proceeding" connote pending litigation, whereas the word "claim" would signify a cause of action not yet sued upon. This being so, the additional language *"or which would have accrued against it"* would have no meaning, unless it is construed to refer to post-dissolution claims. The Court does not believe that the Ohio Legislature would have enacted a statute containing a meaningless clause.

It is this Court's opinion that the intent of O.R.C. § 1701.88(B) is as follows:

> "Any claim existing [not yet sued upon] or action or proceeding [already commenced] pending by or against the [dissolved] corporation or [any claim not yet sued upon or action or proceeding] which would have accrued against it [had dissolution not occurred] may be prosecuted to judgment, with right of appeal as in other cases * * *."

Under this Court's construction of the Ohio statute, plaintiff's claim may be brought against Gordon Armstrong Company, Inc. at this time. The inclusion of "any claim" imposes a broader liability than merely for liabilities incurred as a part of the winding up process, which construction is urged on behalf of defendant.

The motion of defendant Gordon Armstrong Company, Inc. to quash summons and to dismiss the complaint is denied.

As the Court is of the opinion that the issue presented by this motion involves controlling questions of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation, the order on this ruling shall be drawn to permit such immediate appeal under 28 U.S.C. § 1292(b).