OPINION
{¶ 1} Defendant-appellant, Nationwide Tanks, Inc. ("Nationwide"), appeals a decision of the Butler County Court of Common Pleas awarding summary judgment on a subrogation claim brought by plaintiffs-appellees, Land O'Lakes, Inc.; Northeast Fertilizer, II, Inc. d/b/a Morral Chemical Company; Michigan Millers Mutual Insurance; National Union Fire Insurance Company; and Zurich American Insurance Company (collectively, "Morral"). For the reasons outlined below, we reverse the decision of the trial court.
 {¶ 2} In December 1992, Nationwide and Morral contracted for the construction of an above-ground storage tank at the Morral facility in Marion County, Ohio. Nationwide provided a one year manufacturer's warranty on the tank, which was constructed in early 1993. Morral, a company engaged in the manufacture of fertilizer and other farm chemicals, used this tank to store liquid chemical fertilizer.
 {¶ 3} On March 22, 1995, Nationwide filed for voluntary bankruptcy under Chapter 7. The company thereafter ceased all operations on March 30, 1996. The company's assets were liquidated in 1997, and its articles of incorporation were cancelled on December 23, 1998. Nationwide's bankruptcy court case was closed on July 14, 2000.
 {¶ 4} On March 3, 2000, Morral's tank, identified as #46, ruptured and released nearly 1.5 million gallons of liquid fertilizer. The vigorous rush of fluid damaged the tank and neighboring equipment, including other storage tanks and the containment dike. The liquid also contaminated adjacent fields and streams.
 {¶ 5} On March 4, 2002, Morral instituted this action in subrogation to recoup payments that were made for property damage caused by the rupture of the tank. The complaint, originally filed in Cuyahoga County and later transferred to Butler County by joint stipulation, included claims for breach of contract, products liability, and negligence.
 {¶ 6} On four separate occasions, Morral attempted to serve the complaint by certified mail to Nationwide's former business address and to the former addresses of its statutory agent. Following these failures, the Cuyahoga County Court of Common Pleas permitted Morral to serve notice of the complaint by publication on August 22, 2002. After the case was transferred to its new venue in December 2003, Morral republished the complaint in Butler County and served notice thereof through the Ohio Secretary of State.
 {¶ 7} On July 2, 2003, Morral moved for summary judgment. As stated, the case was transferred to Butler County in December 2003. The Butler County Court of Common Pleas granted Morral's summary judgment motion on October 17, 2005. The trial court's order imposed a collective judgment of nearly $13.7 million against Nationwide. Nationwide timely appealed, raising three assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT WHERE THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO BOTH LIABILITY AND DAMAGES."
 {¶ 10} Nationwide argues that Morral failed to satisfy its burden as the moving party on the issues of liability and damages. Specifically, Nationwide cites the conclusion of Morral's expert regarding the existence of two causes behind the rupture. Nationwide insists that this conclusion creates a genuine issue of fact concerning Morral's own negligence in failing to maintain and properly use the tanks. Nationwide also argues that there are issues of fact surrounding the amount of damages.
 {¶ 11} We review a trial court's decision on a summary judgment motion de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. Summary judgment is proper where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Civ.R. 56(C). See, also, Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id.
 {¶ 12} In order for the trial court to properly grant summary judgment on Morral's negligence claim, Morral must prove that there are no genuine issues of material fact regarding whether (1) Nationwide owed a duty of care, (2) Nationwide breached that duty, (3) the breach proximately caused Morral's damages, and (4) Morral was damaged. Texler v. D.O. Summers Cleaners ShirtLaundry Co., 81 Ohio St.3d 677, 680, 1998-Ohio-602. If Morral is successful, the burden shifts to Nationwide to prove that there exist genuine issues of fact regarding at least one of these elements of negligence. On appeal, Nationwide challenges the issues of proximate cause and damages.
 {¶ 13} It is well settled that two causes can combine to produce an injury, and each may be considered a proximate cause of the injury for which full liability may be imposed. See, e.g.,Berdyck v. Shinde, 66 Ohio St.3d 573, 584, 1993-Ohio-183;Johnson v. Pohlman, 162 Ohio App.3d 240, 2005-Ohio-3554, ¶ 30;Darling v. Fairfield Med. Ctr. (2001), 142 Ohio App.3d 682,688. Accordingly, Nationwide's negligence need not be the sole proximate cause of Morral's injuries in order for Nationwide to be held liable. Where there are two or more causes of an injury, a defendant will not escape liability unless it can be shown that an intervening cause not attributable to the defendant would have produced the injury independent of the defendant's negligence.Doe v. Dayton City School Dist. Bd. of Edn. (1999),137 Ohio App.3d 166, 171-72. Thus, in order for Nationwide to evade liability, it would have to show that Morral would have been injured by a cause independent of Nationwide's negligent manufacture of the tank. See id. Otherwise, Nationwide can be held liable so long as its negligence was a proximate cause of Morral's injuries. Cf. Beryck at 584. In its decision, the trial court concluded that Nationwide's negligent seam welds werea proximate cause of the tank rupture and subsequent damage.
 {¶ 14} Morral hired Dr. Robet S. Carbonara, Senior Analyst at S.E.A. Consulting, to examine the tank and determine the cause of the rupture. Carbonara's report detailed his findings and opined that there were two causes of the rupture: "One [was] the improper welding of the tank shell by the fabricator or erector of the tank. The other contributing cause was corrosion of the welded seams." Carbonara found that the seams of the tank were inadequately welded, constituting a manufacturing defect. In addition, Carbonara determined that a mildly acidic component of the fertilizer stored in the tank caused the walls to corrode. He explained that the acidic character of the fertilizer was related to properties of the feed stock. The feed stock used by Morral was partially composed of an acidic compound which is highly corrosive to the steel used to build the tank walls. Carbonara concluded that if either the defective seam welds or the corrosion was not present, "the rupture of Tank #46 would not
have occurred at this time." (Emphasis in original.)
 {¶ 15} After a consideration of the evidence, we find that an award of summary judgment in light of Dr. Carbonara's report ignores the issue of Morral's contributory negligence in causing the corrosion of the tank walls. In addition, Morral's complaint requested that, should it be declared a joint tortfeasor along with Nationwide, the trial court apportion the damages according to the parties' respective liabilities and permit Morral contribution from Nationwide in an amount equal to Nationwide's liability for the damages. This recognition of Morral's own potential negligence further indicates why summary judgment is not appropriate under these circumstances. Where issues of comparative negligence arise, such issues are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion. Simmers v. Bentley Constr.Co., 64 Ohio St.3d 642, 646, 1992-Ohio-42. Ohio's comparative negligence scheme, providing for the apportionment of damages where there is contributory negligence, was recently amended. Causes of action accruing prior to[1] April 9, 2003 are governed by the former comparative negligence statute, R.C.2315.19, which provides in pertinent part:
 {¶ 16} "Contributory negligence or implied assumption of the risk does not bar [the complainant] from recovering damages that have directly and proximately resulted from the negligence of one or more other persons, if the contributory negligence or implied assumption of the risk of the complainant * * * was no greater than the combined negligence of all other persons from whom the complainant seeks recovery. However, any compensatory damages recoverable by the complainant shall be diminished by an amount that is proportionately equal to the percentage of negligence or implied assumption of the risk of the complainant * * *, which percentage is determined pursuant to division (B) of this section." R.C. 2315.19(A)(2).
 {¶ 17} In view of the facts surrounding the comparative fault issue in the present matter, it appears that reasonable minds could reach different conclusions as to whether Morral was contributorily negligent. Even if Morral was negligent, it may still recover if its negligence was equal to or less than Nationwide's negligence. See R.C. 2315.19(A)(2). Under such circumstances, it will be incumbent upon the finder of fact to apportion the respective percentages of Morral's and Nationwide's negligence that proximately caused the damages, and to reduce Morral's recovery accordingly. See id.
 {¶ 18} Nationwide also challenges Morral's evidence on the amount of damages, claiming that it consisted solely of self serving affidavits by an employee and insurance claims representatives. On remand, Nationwide will have the opportunity to present its own evidence on the correct measure of damages.
 {¶ 19} In light of the foregoing analysis, summary judgment in favor of Morral was improperly granted. There exist material issues of fact regarding the existence of Morral's contributory negligence, the extent to which Morral's contributory negligence was a proximate cause of its damages, and the percentage of damages attributable to the respective parties. Nationwide's first assignment of error is sustained.
 {¶ 20} Assignment of Error No. 2:
 {¶ 21} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO STRIKE COMPLAINT WHERE SERVICE WAS NEVER PROPERLY EFFECTUATED UPON THE APPELLANT."
 {¶ 22} Nationwide claims that neither the Cuyahoga Court of Common Pleas nor the Butler County Court of Common Pleas obtained personal jurisdiction over it due to Morral's failure to perfect service of the complaint. Nationwide asserts that Morral did not exercise the requisite reasonable diligence in pursuing service through statutory means before resorting to the disfavored method of service by publication.
 {¶ 23} A trial court decision granting or denying a motion to strike is reviewed for an abuse of discretion. Ohio Farm Bur.Fedn., Inc. v. Amos, Ashland App. No. 05 COA 031,2006-Ohio-1512, ¶ 41. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 24} Civ.R. 4.2 delineates the potential recipients and proper means for service of process in the State of Ohio:
 {¶ 25} "Service of process, except service by publication as provided in Rule 4.4(A), pursuant to Rule 4 through Rule 4.6 shall be made as follows: * * * (6) Upon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation[.]"
 {¶ 26} Civ.R. 4.4(A)(1) details the requirements for service of process by publication where a defendant's residence cannot be discovered:
 {¶ 27} "Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant in unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence."
 {¶ 28} A review of the record reveals that Morral was reasonably diligent in its efforts to serve the complaint on Nationwide. Morral attempted to serve process by mail addressed to Nationwide's former place of business and to its statutory agent on four occasions in March, May, and June 2002. Only after these attempts were unsuccessful did Morral turn to service by publication. Morral filed an affidavit with the Cuyahoga County Court of Common Pleas detailing its failed pursuit of service by certified mail and requesting service by publication. The complaint was thereafter published in Cuyahoga County, and again in Butler County following the transfer of the case. Morral also served notice of the complaint through the Ohio Secretary of State after the case was transferred. Morral's efforts at service effectively provided notice of the complaint, as evidenced by the fact that Nationwide entered its appearance and filed an answer following publication of the complaint in Cuyahoga County. Cf.Kordinak v. Niles Gun Show, Inc., Stark App. No. 2002-CA-00186, 2003-Ohio-1695, ¶ 28.
 {¶ 29} Contrary to Nationwide's assertions, Morral's efforts to serve the complaint did not fall below the reasonable diligence standard due to Morral's delayed utilization of substituted service. R.C. 1701.07(H) provides that process may be served through the Ohio Secretary of State as the agent of a corporation where the statutory agent cannot be located or has changed addresses, or where the corporation failed to maintain a statutory agent. Under such circumstances, the complainant must file an affidavit enumerating which of these conditions exists and providing the most recent address of the corporation that the complainant was able to discern after diligent search. The language of R.C. 1701.07(H), however, does not make substituted service the required method following failed attempts to serve process by certified mail or through an appointed corporate agent. Accordingly, service of process is not rendered void where a party in such a situation pursues service by publication rather than service through the Secretary of State. Cf. Triplett v.Beachwood Village, Inc., 158 Ohio App.3d 465, 2004-Ohio-4905, ¶30, fn. 1, ¶ c (stating "R.C. 1701.07[H] provides that processcan be served upon the Secretary of State as the agent of a corporation under circumstances such as those that exist here. We also note the service-by-publication option in Civ.R. 4.4[A][1]"). (Emphasis added.)
 {¶ 30} We conclude that Morral's efforts at service of the complaint prior to publication met the reasonable diligence standard imposed by Civ.R. 4.4. Morral's service by publication in Cuyahoga County and Butler County, as well as its later service through the Ohio Secretary of State, were sufficient to afford Nationwide notice of the action. The trial court thus did not abuse its discretion in denying Nationwide's motion to strike the complaint.
 {¶ 31} Nationwide's second assignment of error is overruled.
 {¶ 32} Assignment of Error No. 3:
 {¶ 33} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT HAD THE LEGAL CAPACITY TO BE SUED UNDER OHIO LAW."
 {¶ 34} Nationwide emphasizes its status as a defunct, bankrupt entity upon commencement of this action to support its averment that it lacked the capacity to be sued by Morral. Nationwide maintains that the company no longer existed when the complaint was filed or even when the tank rupture occurred.
 {¶ 35} By the time of the rupture, Nationwide's bankruptcy petition had already been filed, the company had ceased all operations, its assets had been liquidated, and its articles of incorporation had been cancelled. By the time this suit was initiated, Nationwide's bankruptcy case had been closed for over one and a half years. From these facts, Nationwide concludes that it did not have the capacity to be sued because the company was no longer legally or factually in existence.
 {¶ 36} An organization that declares bankruptcy under Chapter 7 is not absolved of all claims against it. A defense of bankruptcy does not bar an adjudication on the merits of a claim.Wolfe v. Wright (1989), 65 Ohio App.3d 36, 37. Rather, a bankruptcy will only operate to prevent execution on the judgment obtained against a bankrupt party. Id. Accordingly, Nationwide's status as a bankrupt entity does not prevent an adjudication on the merits of Morral's claims.
 {¶ 37} R.C. 1701.88(A) provides that a corporation enduring voluntary dissolution or cancellation of its articles of incorporation may engage in activities associated with winding up the corporation's affairs. Moreover, such corporations may sue and be sued, as stated in R.C. 1701.88(B): "Any claim existing or action or proceeding pending by or against the corporation or which would have accrued against it may be prosecuted to judgment, with right of appeal as in other cases * * *."
 {¶ 38} Put more simply, a defunct corporation remains amenable to suit so long as the action falls within the ambit of winding up its affairs. Octavia Coal Co. v. Cooper T. SmithCorp. (June 15, 2001), Licking App. No. 00CA00223, 2001 WL 704465 at *2. This does not mean, as Nationwide claims, that a corporation remains vulnerable to unlimited litigation following its dissolution. Rather, the statute operates to restrict post-dissolution litigation to those causes of action which accrued prior to the entity's termination or would have accrued as a result of corporate actions executed prior to dissolution. Construing R.C. 1701.88(B), a federal district court supplemented the statutory language with its interpretation of the legislative intent behind the statute:
 {¶ 39} "Any claim existing (not yet sued upon) or action or proceeding (already commenced) pending by or against the (dissolved) corporation or (any claim not yet sued upon or action or proceeding) which would have accrued against it (had dissolution not occurred) may be prosecuted to judgment, with right of appeal as in other cases * * *." Chadwick v. AirReduction Co. (N.D.Ohio 1965), 239 F.Supp. 247, 251.
 {¶ 40} In sum, a defunct corporation persists for the purpose of winding up its affairs and thereby remains a viable party for litigation. See Id. See, also, State ex rel. Falke v. MontgomeryCty. Residential Dev., Inc. (1988), 40 Ohio St.3d 71, 74; NorthConsultants, Inc. v. Stimel-Givens (May 14, 1985), Franklin App. No. 83AP-851, 1985 WL 10281 at *3; Diversified Property Corp. v.Winters Natl. Bank Trust Co. (1967), 13 Ohio App.2d 190, 193. In the case sub judice, the storage tank was installed and the defective welding performed while Nationwide was still an operative corporation. Morral's claim therefore would have accrued as a result of the defective manufacture of the tank had Nationwide not dissolved. See Chadwick at 251. Nationwide thus cannot escape liability by asserting lack of capacity for suit based upon the dissolution of the corporation.
 {¶ 41} Nationwide's third assignment of error is overruled.
 {¶ 42} Having determined that the trial court inappropriately awarded summary judgment to Morral due to issues of fact regarding contributory negligence, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion and in accordance with the law.
 {¶ 43} Reversed and remanded.
Powell, P.J., and Bressler, J., concur.
[1] Causes of action accruing on or after April 9, 2003 fall under the current comparative negligence statute, R.C. 2315.33. See 70 Ohio Jurisprudence 3d (2004) 166, Negligence, Section 64. The statute controlling the case at bar, the former R.C. 2315.19, was repealed by Am.S.B. No. 120, 2002 Ohio Laws 3527, 3542.